IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALLSCRIPTS HEALTHCARE SOLUTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 14-_____ ) |
| MY HEALTH, INC., | ) **JURY TRIAL DEMANDED** ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Allscripts Healthcare Solutions, Inc. ("Allscripts") demands a trial by jury on all issues so triable and hereby asserts the following claims against Defendant My Health, Inc. ("My Health") and alleges as follows:

## NATURE OF THE ACTION

1. This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.* and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Allscripts Healthcare Solutions Inc. seeks a declaration of non-infringement and invalidity of U.S. Patent No. 6,612,985 B2 ("the '985 Patent"). A true and correct copy of the '985 Patent is attached hereto as Exhibit A.

## THE PARTIES

2. Plaintiff Allscripts is a corporation duly organized and existing under the laws of the State of Delaware with offices at 222 Merchandize Mart Plaza, Suite 2024, Chicago, Illinois 60654.

3. On information and belief, Defendant My Health is a corporation duly organized and existing under the laws of the State of Delaware with offices at 7001 W. Parker Road, Suite 431, Plano, Texas 75093.

## JURISDICTION AND VENUE

4. On information and belief, Defendant My Health is a Delaware corporation registered to do business within the State of Delaware and has a registered agent within the State, National Corporate Research, Ltd., located at 615 S. DuPont Highway, Dover, Delaware 19901.

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6. Defendant My Health is subject to personal jurisdiction in this judicial district because, upon information and belief, it is a Delaware corporation and regularly conducts business in the State of Delaware and in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because, on information and belief, My Health is a corporation organized and existing under the laws of the State of Delaware and resides in this judicial district pursuant to § 1391(c).

## BACKGROUND

8. Allscripts is a leading provider of healthcare software solutions for physicians, hospitals, and other healthcare providers. One of the solutions that Allscripts provides is FollowMyHealth, which is a patient portal that allows patients to access their medical records and information and communicate with healthcare providers in the ongoing management of their healthcare.

9. On or about June 5, 2014, Patent Licensing Alliance, acting on behalf of My Health, sent a letter to Allscripts with a Notice titled "Infringement of U.S. Patent No. 6,612,985" that stated: "Your FollowMyHealth product employs the technology claimed and disclosed in United States Patent 6,612,985."

10. The June 5, 2014 correspondence further asserted that "[w]e have thoroughly reviewed your FollowMyHealth product and believe that it utilizes the technology claimed and disclosed in the [the '985 Patent]" and that "[t]he patent covers your products and requires a license if you intend to continue to sell these products."

11. My Health attached a claim chart to the June 5, 2014 correspondence that purported to outline My Health's position concerning Allscripts' alleged infringement.

12. The June 5, 2014 correspondence further stated that "[b]ecause of . . . ever-increasing instances of improper use without a license, My Health has been enforcing its intellectual property rights."

13. Additionally, on information and belief, after receiving letters similar to My Health's June 5, 2014 correspondence to Allscripts, three other companies involved in the health care industry filed declaratory judgment actions in this judicial district, seeking declarations of non-infringement and/or invalidity of the '985 Patent. These cases include: Fitango, Inc. v. My Health, Inc., C.A. No. 14-1085-RGA (D. Del.), Voxiva, Inc. v. My Health, Inc., C.A. No. 14-910-RGA (D. Del.) and Authentidate Holding Corp. v. My Health, Inc., C.A. No. 13-1616-RGA (D. Del.).

14. On information and belief, between 2012 and the present, My Health has filed complaints in litigations against no fewer than twenty-four other companies involved in the health care industry, alleging infringement of the '985 Patent. These cases include: My Health,

Inc. v. CardioNet, Inc., No. 2:14-CV-00681 (E.D. Tex.); My Health, Inc. v. Biotronik, Inc., No. 2:14-CV-00680 (E.D. Tex.); My Health, Inc. v. Tandem Diabetes Care, Inc., No. 2:14-CV-00684 (E.D. Tex.); My Health, Inc. v. Health Dialog, Inc., No. 2:14-CV-00682 (E.D. Tex.); My Health, Inc. v. LifeScan, Inc., No. 2:14-CV-00683 (E.D. Tex.); My Health, Inc. v. Tunstall Healthcare USA, Inc., No. 2:14-CV-00685 (E.D. Tex.); My Health, Inc. v. Pleio Health Support Systems, Inc., No. 2:14-CV-00661 (E.D. Tex.); My Health, Inc. v. Sotera Wireless, Inc., No. 2:14-CV-00663 (E.D. Tex.); My Health, Inc. v. Robert Bosch Healthcare Systems, Inc., No. 2:14-CV-00662 (E.D. Tex.); My Health, Inc. v. Vivify Health, Inc., No. 2:14-CV-00664 (E.D. Tex.); My Health, Inc. v. Nonin Medical, Inc., No. 2:14-CV-00660 (E.D. Tex.); My Health, Inc. v. BodyMedia, Inc., No. 2:14-CV-00653 (E.D. Tex.); My Health, Inc. v. Alere, Inc., No. 2:14-CV-00652 (E.D. Tex.); My Health, Inc. v. Cardiomedix, Inc., No. 2:14-CV-00654 (E.D. Tex.); My Health, Inc. v. Entra Health Systems, LLC, No. 2:14-CV-00657 (E.D. Tex.); My Health, Inc. v. Healthrageous, Inc., No. 2:14-CV-00658 (E.D. Tex.); My Health, Inc. v. Confidant Hawaii, LLC, No. 2:14-CV-00655 (E.D. Tex.); My Health, Inc. v. Medisana AG, No. 2:14-CV-00659 (E.D. Tex.); My Health, Inc. v. Philips Medical Systems North America, Inc., No. 2:13-CV-00140 (E.D. Tex.); My Health, Inc. v. GenerationOne, Inc., No. 2:13-CV-00138 (E.D. Tex.); My Health, Inc. v. Click4Care, Inc., No. 2:13-CV-00137 (E.D. Tex.); My Health, Inc. v. CardioCom, LLC, No. 2:13-CV-00136 (E.D. Tex.); My Health, Inc. v. Honeywell HomMed, LLC, No. 2:13-CV-00139 (E.D. Tex.); and My Health, Inc. v. ZeOmega, Inc., No. 2:12-CV-00251 (E.D. Tex.).

15. My Health's June 5, 2014 correspondence and the numerous lawsuits filed and claims made by My Health over the past two years alleging infringement of the '985 Patent created a reasonable apprehension and substantial likelihood that, if Allscripts does not pay and

agree to enter into a license with My Health, My Health will sue Allscripts for the alleged infringement of the '985 Patent.

## THE PATENT-IN-SUIT

16.     The '985 Patent, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003, from U.S. Patent Application No. 09/793,191 filed February 26, 2001.

17.     On information and belief, on or about April 23, 2001, the listed inventors Michael E. Eiffert and Lisa C. Schwartz, assigned their interests to the University of Rochester.

18.     On information and belief, on or about April 1, 2014, the University of Rochester assigned its interest in the '985 Patent to My Health. On information and belief, between 2012 and April 1, 2014, My Health was the exclusive licensee of the '985 Patent.

## CLAIM - DECLARATION OF NON-INFRINGEMENT

19.     Paragraphs 1 through 18 above are incorporated by reference as though fully stated herein.

20.     My Health has alleged that Allscripts is infringing technology claimed in the '985 Patent without authorization.

21.     Allscripts has not infringed and does not directly or indirectly infringe any claim of the '985 Patent, either literally or under the doctrine of equivalents.

22.     Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Allscripts have created a substantial, immediate and real controversy between the parties as to the non-infringement of the '985 Patent. A valid and justiciable controversy has arisen and exists between Allscripts and My Health within the meaning of 28 U.S.C. § 2201.

23. A judicial determination of non-infringement is necessary and appropriate so that Allscripts may ascertain its rights regarding the '985 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Allscripts prays for a declaration from this Court and judgment as follows:

A. That Allscripts does not infringe any claims of the '985 Patent;

B. That this is an exceptional case within the meaning of 35 U.S.C. § 285; and

C. Such other and further relief as this Court deems just, reasonable and proper.

## JURY DEMAND

Allscripts demands a trial by jury on all issues presented in this Complaint.

Respectfully submitted,

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
*Attorneys for Plaintiff Allscripts Healthcare Solutions, Inc.*

OF COUNSEL:

Nick Kahlon
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
(321) 258-5537

Dated: November 24, 2014